# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40409

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2019

Lyle W. Cayce
Clerk

E.M., by next friends S.M. and C.S.,

      Plaintiff - Appellant

v.

LEWISVILLE INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-564

Before WIENER, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

    E.M., a third-grade student with autism, a speech impairment, orthopedic impairment, cerebral palsy, intellectual disability, and childhood apraxia of speech, brought suit by and through her parents as next friends (together, Appellants) against the Lewisville Independent School District (LISD) alleging violations of the Individuals with Disabilities Education Act (IDEA). *See generally* 20 U.S.C. §§ 1400–1482. The IDEA requires LISD to

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provide E.M. a "free appropriate public education" through an individualized education program (IEP) based on her specific needs.  20 U.S.C. § 1412(a)(1), (5); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247 (5th Cir. 1997).  Appellants contend that the E.M. would not have received a free appropriate public education under the challenged 2013 IEP because it discontinued the assistance of a sign language interpreter and would no longer include as an educational goal improving E.M.'s ability to articulate new letter sounds to form words.

Pursuant to the IDEA, Appellants first filed a due process hearing request with the Texas Education Agency.  *See* 20 U.S.C. § 1415(f).  A special education hearing officer heard testimony from multiple communication and education professionals who worked with and observed E.M. and concluded that LISD had offered her a free appropriate public education in compliance with the IDEA.  Appellants appealed this determination to the district court, which conducted an independent review of the administrative record and affirmed the hearing officer.  *See* 20 U.S.C. § 1415(i)(2)(a).  Appellants now appeal in this court.

Our careful review of the record, the parties' briefs, and the district court's opinion demonstrates no error in the decision below.  In a detailed opinion, the district court concluded that E.M. had not and was unlikely to make meaningful progress in articulating sounds, did not use her sign language interpreter, and instead communicated primarily and relatively successfully through assistive technology.  Applying this court's four-factor test from *Michael F.* to these facts, the district then determined that the challenged IEP was "reasonably calculated to enable [E.M.] to receive educational benefits" as required under the IDEA.  118 F.3d at 253.  Finding no error, we AFFIRM the district court's judgment for essentially the same reasons stated by that court.